Ormonde Equities LLC v Jacoby (2023 NY Slip Op 51416(U))

[*1]

Ormonde Equities LLC v Jacoby

2023 NY Slip Op 51416(U)

Decided on December 21, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 21, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570648/23

Ormonde Equities LLC, Petitioner-Landlord-Appellant,
against
Suzanne Jacoby, Respondent-Tenant-Respondent.

Landlord appeals from an order of the Civil Court of the City of New York, New York County (Daniele Chinea, J.), dated November 18, 2022, which granted tenant's motion to dismiss the petition, and denied, as moot, landlord's cross motion to amend the petition in a nonpayment summary proceeding.

Per Curiam.
Order (Daniele Chinea, J.), dated November 18, 2022, affirmed, with $10 costs.
Civil Court properly granted tenant's motion to dismiss the nonpayment petition. It is undisputed that the City of New York, by its Office of Administrative Trials and Hearings, affirmed a finding that the "altered changed building [is] occupied without a valid certificate of occupancy," in violation of Administrative Code of City of NY §§ 28—118.3.1 and 28—118.3.2. The lack of a certificate of occupancy for the building precludes landlord from seeking to recover rent or use and occupancy from tenant (see Multiple Dwelling Law §§ 301, 302[1][a],[b]; Chazon, LLC v Maugenest, 19 NY3d 410, 415 [2012]; Barrett Japaning, Inc. v Bialobroda, 190 AD3d 544 [2021]; Matter of 49 Bleecker, Inc. v Gatien, 157 AD3d 619 [2018]), even though tenant's apartment may not have been affected by the alteration/change underlying the violation (see West 48th Holdings LLC v Eliyahu, 64 Misc 3d 133[A], 2019 NY Slip Op 51066[U] [App Term, 1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 21, 2023